## A. H. McDOUGALL v. MICHAEL BAICH AND OTHERS.[1]

June 7, 1935.

No. 30,195.

*Austin & Wangensteen,* for appellant (relator below).
*Frank M. Talus,* for respondents.

HOLT, JUSTICE.

*Mandamus* to compel the police civil service commission of the village of Chisholm to reinstate plaintiff as a policeman of the village. Two interrogatories were submitted to a jury and were answered: (1) That in November, 1929, plaintiff was a member of the police department of the village of Chisholm; (2) that he had not acquiesced in the action of the police commission in failing to place his name on the service register in November or December, 1929. On motion of defendants the court set aside the special ver-

[1] Reported in 261 N. W. 180.

dict, answered the interrogatories contrary to the answers returned by the jury, and made findings of fact and conclusions of law in favor of defendants. Plaintiff appeals from the order of March 14, 1934, and from the order of July 3, 1934, refusing to vacate the previous order and denying plaintiff a new trial.

There are many assignments of error, but, as we view the appeal, one fact alone determines the action in favor of defendants. Was plaintiff a member of the police force of the village of Chisholm in November or December, 1929, when the police civil service commission was formed pursuant to L. 1929, c. 299? If he was not then a member of the police force and entitled to be registered as such, he never thereafter was employed by the commission. A park board of three members exists in the village in virtue of 1 Mason Minn. St. 1927, §§ 1868 to 1873. It was organized and functioned prior to 1927. The powers of the park board are conferred by § 1871 and include the right to employ help and fix the compensation therefor. The village has an eight-acre park. Plaintiff served the village as a police officer until January 3, 1928, when his services were discontinued by action of the village council. On January 27, 1928, he was employed by the park board at the salary of $135 per month. His services began February 1, 1928. On March 14, 1928, upon the application of the park board, the village council authorized plaintiff and another park board employe "to make arrests as patrolmen or night watchmen under the supervision of the park board." They took and filed their oaths "as police officers at the park, under the supervision of the park board," on March 28, 1928. Plaintiff continued as an employe of the park board doing the work as a watchman and policing the park in addition to the duties of caring for the fires in the greenhouse maintained in the park, and such other work as he was directed to do by the superintendent of the park. At a meeting of the park board on April 14, 1930, plaintiff was employed as utility man at a salary of $150 per month from April 1, 1930, to April 1, 1931. During all the time from his employment by the park board on January 27, 1928, until he quit in September, 1933, plaintiff was on the pay roll of the park board as one of its employes, whose salary and duties the board fixed. The village coun-

cil allotted the park board a certain amount to meet the budget of the board. The village council also now allots a certain amount to meet the budget of the police commission. Of course these amounts come from the same source—the taxes collected. When at the end of the year 1929 the village created its police civil service commission under L. 1929, c. 299, plaintiff sought to come under its jurisdiction, but the members thereof did not consider him to be a police officer of the village and hence failed to place him on the service register.

We think that as a matter of law he was not a police officer of the village when the police civil service commission came into being at the end of 1929. From January 3 to January 27, 1928, plaintiff was not in the service of the village or its park board. From the last named date until he quit, in September, 1933, he was continuously in the sole service of the park board. It hired him and could discharge him at any time with or without cause. It fixed his pay and through its park superintendent had full charge of directing him what to do. That at the request of the park board the village council authorized him to make arrests and carry a police officer's star or badge did not place him in the service of the village or on its police force, for the village council authorized him to act and make arrests under the supervision of the park board. He was not under the supervision or control of either the village council or the chief of police. For a whole year while in the park board service he was hired as a utility man. Whatever police duty he did was in the park and for its protection under the direction of the park board.

There was a great deal of testimony introduced as to the opinion of certain village officers and others as to whether or not plaintiff performed the duties of police officer. We consider such opinions immaterial. It is a matter of record that he was employed by the park board. The authority he received to make arrests was to be exercised under the supervision of the park board, not under that of the village council or its chief of police; in fact, he was merely a watchman for the little park, its few animals, and greenhouse, charged with the duty of protecting against trespassing cows and

prowling dogs and directing traffic in the park. The police star or badge was requested and obtained for the purpose of impressing the owners of straying animals that the watchman was armed with lawful authority.

L. 1929, c. 299, § 5, gives the police civil service commission "absolute control and supervision over the employment, promotion, discharge and suspension of all officers and employes of the police' department of such city or village and these powers shall extend to and include all members of the police department." By the same section the commission is charged with the duty, immediately after its appointment and organization, to grade and classify all of the employes of the police department of the village. At that time plaintiff was not an employe of the police department of the village, but an employe of the park board. Before the present action was brought L. 1929, c. 299, was amended by L. 1933, c. 197, adding § 17 (3 Mason Minn. St. 1934 Supp. § 1933-63a), providing:

"Any police officer regularly employed at the time of the creation of the civil service commission shall automatically come under the jurisdiction of the civil service commission."

It is plain that plaintiff can claim nothing by virtue of this amendment for he was not a regularly employed police officer at the time the commission was created. Plaintiff as a matter of law was not a member of the police department of the village of Chisholm at the time the commission came into being and took over the police department, but was and had been an employe of the park board, an independent department of the village, for almost two years previously. The court rightly concluded that the evidence was conclusive that plaintiff was not a member of the police department of Chisholm in November and December, 1929. Hence judgment must necessarily be ordered for defendants, and we need not consider the question of plaintiff's acquiescence in the failure or refusal of the commission to place his name on the roll of the police department of the village.

The orders are affirmed.